Eli B. Clemson and Charles W. Hunter, plaintiffs in error *v.* Moses Hamm, defendant in error.

*Error to Madison.*

The return of a sheriff should state the time when the process was executed.
The return of a sheriff upon a summons, in these words, "Executed on Hunter—Clemson not found. N. Buckmaster, Sheriff, M. C.," is insufficient.

J. B. Thomas and D. Prickett, for the plaintiffs in error.

J. Semple, for the defendant in error.

Wilson, Chief Justice, delivered the opinion of the Court:

In this case the judgment below was against the defendants, Eli B. Clemson and Charles W. Hunter, by default. The error assigned for the reversal of this judgment, is, the want of sufficient notice to the defendants below. The return of the sheriff on the summons, is in these words: "Executed on Hunter—Clemson not found. N. Buckmaster, Sheriff, M. C."

The statute requires the sheriff to serve all process of summons or capias, when it shall be practicable, ten days before the return day thereof, and to make return of such process to the clerk who issued the same, by or on the return day, with an endorsement of his service, the time of serving it, and the amount of his fees. The sheriff's return, in this case, is certainly not in accordance,

Clemson *et al. v.* Hamm.

with the requisitions of the statute. The time when the summons was served, he has omitted to state. This is a material fact, for if it was not served ten days before the commencement of the term, the defendant could not be compelled to plead before the next succeeding term. The Court could not know from the endorsement of the summons whether one or twenty days had intervened between the service and the return thereof; it erred, therefore, in rendering judgment by default against Hunter. The case of Wilson *v.* Greathouse, decided at the present term, is in principle analogous to this case.

The cause is reversed with costs.

*Judgment reversed.*